**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Alan Stein, | ) | No. CV-09-1505-PHX-MHM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| State of Arizona, et al., | ) | |
| Defendants. | ) | |

Plaintiff raised a number of issues relating to service of process on Defendant Dora Schiro and spouse in Plaintiff's Motion to Approve Service of Process by Certified Mail Effected on Dora Schiro, or in the Alternative for an Extension of Time to Serve, and Memorandum Thereto (Dkt.#23). Defendant Schiro has not responded to this motion. However, Mr. Brodsky subsequently entered an appearance as counsel for Dora Schiro on October 27, 2009 (Dkt.#25). While this, in itself, would not be sufficient to waive service of process, Mr. Brodsky then filed a Notice of Joinder in Motion to Dismiss First Amended Complaint (Dkt#26). By joining the Motion to Dismiss that had previously been filed by Defendants State of Arizona, Charles Ryan and Maggie Urena (Dkt.#20) and which dealt with substantive aspects of the claims at issue (but which did not raise any issues relating to inadequate service of process), Mr. Brodsky waived any Rule 12(b)(4) objection to insufficient service of process. According to Rule 12(g)(2), except for certain situations not applicable here, "a party that makes a motion under this rule must not make another motion

1  under this rule raising a defense or objection that was available to a party but omitted from
2  its earlier motion." By joining the Motion to Dismiss, Defendant Schiro waived any
3  objection to inadequate service of process.

Moreover, it appears that service would have been considered timely regardless; the complaint was removed to federal court on July 22, 2009. Under Rule 4(m), Plaintiff had 120 days to accomplish service upon Defendant (November 19, 2009). Plaintiff appears to assume that the 120 days would run from the time that the Complaint was filed in state court and requests that "[the 120-day abatement period] be extended only as necessary to respect the date of Ms. Schiro's general appearance as being a timely service"; however, "Rule 4(m) allows a plaintiff 120 days after a complaint is filed in federal court to complete service, and has also been interpreted to give plaintiffs in removed cases 120 days after the date of removal to complete service." Baumeister v. New Mexico Comm'n for the Blind, 409 F.Supp.2d 1351, 1353 (D. New Mex. 2006) (and cases cited therein). Thus, November 19, 2009 appears to be the proper deadline by which service of process must be accomplished.

Plaintiff also requests that "any remaining unserved defendants, *if any*, be regarded as timely served by way of the service of publication recently reported on by undersigned in the October 22, 2009 Affidavit of Service, as filed with the Court on same date." (Dkt.#27 at 2, emphasis added) Because the necessary facts to evaluate whether any additional defendants exist or have been properly served have not been presented to the Court, this request is denied. All Defendants must be served by November 19, 2009, in accordance with the procedures contained in Rule 4.

/ / /

**Accordingly,**

**IT IS HEREBY ORDERED** partially denying as moot and partially denying outright Plaintiff's Motion to Approve Service of Process by Certified Mail Effected on Dora Schiro, or in the Alternative for an Extension of Time to Serve, and Memorandum Thereto (Dkt.#23).

DATED this 9th day of November, 2009

*Mary H. Murguia*
United States District Judge